IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NO.: 2:11-cv-00167-DCN

| | |
|---|---|
| Nadine Johnson, individually and on behalf of herself, and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MI Windows and Doors, Inc., )<br>)<br>Defendant and )<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>Sunburst Properties of South Carolina, Inc.; )<br>Sunburst Properties, Inc.; and Lakes of )<br>Summerville, LLC, )<br>)<br>Third-Party Defendants. )<br>_____ ) | **THIRD-PARTY DEFENDANT LAKES OF SUMMERVILLE, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), FRCP and RULE 12(b)(6), FRCP** |

Pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Defendant Lakes of Summerville, LLC (hereinafter referred to as "Lakes of Summerville"), who is alleged by Third Party Plaintiff, MI Windows and Doors, Inc. (hereinafter "MI"), to be the General Contractor in this suit, moves this Court for an Order dismissing the Third Party Complaint.  In so doing, and pursuant to FRCP 10(c), Lakes of Summerville incorporates by reference the arguments presented by Third Party Defendants Sunburst Properties of South Carolina, Inc. and Sunburst Properties, Inc. in their Motion to Dismiss [Entry Number 41].

In addition to the reasoning stated above, Third Party Claims can only be derivative claims and are limited to the causes of action brought by the Plaintiff against the Defendant/Third Party Plaintiff.  <u>Laughlin v. Dell Financial Services, Inc.</u>, 465 F. Supp. 2d, 563, 566 (2006 U.S.D.S.C.).  Therefore, in this action, MI can only bring causes of action

-2-

against Lakes of Summerville for causes of action that the Plaintiff is bringing against MI. *Id*. The Plaintiff has brought causes of action against MI for products liability; Plaintiff has brought a products case. MI has brought causes of action for defective construction services; MI has brought a construction defect case.

South Carolina law states that a general contractor in building a home performs a service. Fields v. Haynes Waters Builders, 376 S.C. 545, 565; 658 S.E.2d 80, 91 (S.C. 2008). The General Contractor in building a home does not sell a product. *Id*. The two causes of action are separate and distinct; one is not derivative of the other. Therefore, since the Plaintiff's claim is for products liability and MI's claim is for construction services, MI cannot, in the same action, bring a Third Party claim against Lakes of Summerville for construction defects. *Id*.

Lakes of Summerville reserves and does not waive the right to adopt other arguments as may be presented.

## **Conclusion**

For the reasons stated herein, the Third Party Complaint alleging causes of action for contribution and equitable indemnity should be dismissed without prejudice.

Date: December 7, 2011                              Respectfully submitted,

                                                       s/Jeffrey A. Ross
                                                      Jeffrey A. Ross (Fed. ID No. 10540)
                                                      CLAWSON AND STAUBES, LLC
                                                      126 Seven Farms Drive, Suite 200
                                                      Charleston, South Carolina 29492-8144
                                                      TEL:  (843) 577-2026
                                                      FAX: (843) 722-2867
                                                      jross@clawsonandstaubes.com