**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| NADINE JOHNSON, | ) | |
| *individually and on behalf of others* | ) | Civil No. 2:11-CV-0167 |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| M.I. WINDOWS AND DOORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on a motion to dismiss and motion to sever by third party defendants Sunburst Properties of South Carolina, Inc., Sunburst Properties, Inc. (collectively "Sunburst"), and Lakes of Summerville, LLC ("Lakes of Summerville"). For the reasons set forth below, the court grants third party defendants' motion to sever and finds as moot their motion to dismiss for improper impleader, which was contained in Lakes of Summerville's motion to dismiss and Sunburst's second motion to dismiss. At the hearing before this court, the third party defendants indicated that they did not wish to address any other grounds for dismissal which were contained in Sunburst's first motion to dismiss. If the third party defendants would like to renew their motions to dismiss under Rule 12(b), they should so advise the court.

## I.  BACKGROUND

Plaintiff and purported class representative Nadine Johnson filed this action seeking certification of a class action against defendant M.I. Windows & Doors, Inc. ("MIWD"). Johnson is the owner of a residence located in Summerville, South

Carolina.  The vinyl, single hung windows installed in Johnson's residence were manufactured and designed by MIWD.  Johnson, both individually and on behalf of a purported class, alleges that windows installed at her residence and manufactured by MIWD were defectively designed and manufactured, failed to perform properly, and resulted in leakage and the formation of mineral deposits, algae, microbial growth, and consequential damage to her property.  Johnson's theories for recovery against MIWD are based solely on the alleged improper design and manufacture of MIWD windows.

MIWD filed a third party complaint against Sunburst and Lakes of Summerville, claiming that these entities were involved in the development, design, sale, and/or construction of the Johnson residence.  The third party complaint alleges that any damages to Johnson's residence were caused by negligence, faulty design, and faulty workmanship of the residence, including improper use, installation, and integration of the windows and doors, negligent supervision of subcontractors, negligent planning, implementation and coordination of work, and other defects in the design and construction of the residence.  MIWD seeks indemnification and contribution from third party defendants and any other developers/designers/constructors which it may locate in the future.

Johnson's complaint does not encompass any of the claims contained in the third party complaint.  Furthermore, the parties agree that it is unlikely that the third party defendants were involved in the design/construction/development/sale of the homes of the vast majority of putative class members.

Since the present case was removed to federal court, this action and four other "tag-along" cases became the subject of plaintiff Craig Hildebrand's motion for transfer of actions to the District of South Carolina pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings in In re M.I. Windows & Doors, Inc. Prod. Litigation, MDL Dkt. No 2333.  All parties have briefed that issue for a hearing, which is scheduled for March 29, 2012, in San Diego, California.

## II.  DISCUSSION

Impleader is controlled by Rule 14(a) of the Federal Rules of Civil Procedure, which states, "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The Rule also provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately."  Fed. R. Civ. P. 14(a)(4).  "Courts are granted wide discretion in determining whether to permit such third party procedure." United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967) (internal quotations omitted).

"The third party claim must be 'derivative' of the plaintiff's claim because '[d]erivative liability is central to the operation of Rule 14.'"  Scott v. PPG Indus. Inc., No. 89-2362, 1990 WL 200655, at *3 (4th Cir. Dec. 13, 1990) (unpublished) (quoting Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstern Assoc., 117 F.R.D. 576, 578 (E.D. Va. 1987)).  "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."  Id. (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983), cert. denied, 464 U.S. 1071 (1984))(emphasis added).

3

"Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987); Laughlin v. Dell Fin. Servs., 465 F.Supp.2d 563, 566 (D.S.C. 2006).

The Supreme Court has held that "[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 368 n.3 (1978) (emphasis added). "It is settled that a third-party plaintiff cannot attempt to stand in the shoes of the plaintiff and assert a claim against the third-party defendant that rightfully belongs to the plaintiff itself." United States v. Gov't Dev. Bank, 132 F.R.D. 129, 131 (D.P.R. 1990). This is, at least in part, because "Rule 14(a)'s requirement encompasses, after all, 'a respect for a plaintiff's litigative decision regarding whom to sue.'" Id. at 132 (quoting Index Fund v. Hagopian, 417 F.Supp. 738, 744 (S.D.N.Y. 1976)). Furthermore,

> a third party claim is not appropriate where the defendant and putative third party plaintiff say, in effect, "It was him, not me." Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part (one-half, if a joint tortfeasor) of anything I must pay plaintiff."

Watergate Landmark, 117 F.R.D. at 578.

Therefore, there are two elements courts consider when determining whether a third party claim is permissible.

> First, the non-party must be potentially liable to the third party plaintiff. Second, the non-party's liability must relate to the plaintiff's claim against the defendant/third party plaintiff such that the third

party defendant's liability arises only if the defendant/third-party plaintiff is first held liable to plaintiff.

Tetra Tech EC/Tsoro Joint Venture v. Sam Temples Masonry, Inc., No. 10-1597, 2011 WL 1048964, at *6 (D.S.C. Mar. 21, 2011).

The third party complaint in this case does not satisfy the second requirement. Johnson's complaint against MIWD claims that MIWD's products were faulty when they left the manufacturing plant, and alleges only claims relating to product liability. MIWD attempts to bring in entirely new and independent theories of improper installation or design/construction/sale of the residence. While MIWD may only recover from the third party defendants if it were found liable to Johnson, the third party defendants' liability is not dependent on MIWD's liability such that the third party defendants' liability arises only if MIWD is held liable. Johnson may pursue a separate case against the third parties for faulty construction or design even if MIWD is not found liable to Johnson under her products liability theories.

MIWD's equitable indemnification theory claims that the third party defendants' bad acts caused plaintiff's damages, not MIWD's design and manufacture of its windows, in essence "it was him, not me." Watergate Landmark, 117 F.R.D. 578. At best, MIWD's contribution theory claims "him and/or me," but on a completely different theory of liability than the one contained in plaintiff's complaint, which does not create Rule 14(a) derivative liability. Therefore, MIWD's claim for faulty design, development, construction, operation and sale of the home is separate and independent from the original complaint, and is inappropriate for impleading under Rule 14(a).

Furthermore, the underlying facts relevant to these claims do not significantly overlap. Pursuant to Federal Rule of Civil Procedure 42(b), the court may order a separate trial "for convenience, to avoid prejudice, or to expedite and economize." "The bringing in of third party defendants is a matter resting in the sound discretion of the trial judge." <u>Ford Motor Co. v. Milby</u>, 210 F.2d 137, 138-39 (4th Cir. 1954). In the present case, Johnson's discovery as to MIWD will pertain to events concerning the manufacture and design of MIWD's windows, while MIWD's discovery as to third party defendants relates to design and construction of specific homes. Johnson brought a class action against MIWD, and it is very unlikely that the third party defendants were involved in the construction, design, or sale of many putative class members' homes. MIWD has requested an extended discovery period to address the class certification issues first, and only thereafter to address the merits. Even if the court does not permit bifurcated discovery, all the issues regarding class certification will be largely irrelevant to the third party action. Permitting the third party complaint would prejudice the third party defendants by leaving them in limbo while the class issues are resolved. Thus, the economies of discovery do not weigh in favor of one proceeding

MIWD has indicated that it will pursue claims against the entities that designed, manufactured, or constructed the homes of the putative class members, envisioning impleading numerous third party defendants. The current third party defendants will be further prejudiced by being forced to wait while MIWD impleads numerous other entities. Managing the discovery of a mass of design, sale, construction, development, and operation companies concerning faulty design and

construction claims while simultaneously handling a class action products liability case in the same proceedings would not promote judicial efficiency or fairness. The potential inclusion of this case in a multidistrict litigation only further exacerbates this scenario. "To require such party to be subjected to all the costs and inconvenience of a trial extended by the introduction of additional parties who might also be liable is completely to lose sight of the basic reason the action is allowed and brought." Okla. ex rel. Edmonson v. Tyson Foods, Inc. et al, 237 F.R.D. 679, 684 (N.D. Okla. 2006); In re Paris Air Crash, 69 F.R.D. 310, 322 (1975). While the court could have stricken the third party complaint under Rule 14, based on the specific facts of the present case, the court finds that judicial economy and fairness are maximized by severing the two complaints.

### III.   CONCLUSION

For the foregoing reasons, the court **GRANTS** third party defendants' motion to sever and **FINDS AS MOOT** the Rule 14 motion to dismiss.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 23, 2012**
**Charleston, South Carolina**

7