# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2333<br>Civ. No. 2:12-mn-00001 |
| NADINE JOHNSON, JENNIFER C. ZAMBRICZKI, and DAVID R. VAN SUCH, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>MI WINDOWS AND DOORS, INC.<br><br>Defendant. | No. 2:11-cv-00167-DCN<br><br><br><br>**ORDER** |

This matter is before the court on two motions brought by defendant: a motion to dismiss plaintiffs' third amended complaint and a motion for joinder. The court grants in part and denies in part the motion to dismiss and denies the motion for joinder.

## I. BACKGROUND

Plaintiff Nadine Johnson filed a class action complaint in the South Carolina Court of Common Pleas on October 21, 2010, and filed an amended class action complaint on November 23, 2010. Defendant MI Windows and Doors, Inc. (MIWD) removed the case to federal court on January 21, 2011, asserting jurisdiction based on diversity of citizenship. MIWD moved to dismiss the complaint on February 2, 2011. During a hearing held on September 27, 2011, the court orally denied the motion to dismiss. A second amended complaint was filed on October 4, 2011.

1

On October 21, 2011, MIWD brought a third party complaint against Lakes of Summerville, LLC, Sunburst Properties of South Carolina, Inc., and Sunburst Properties, Inc. The court issued an order on March 23, 2012 granting a motion to sever brought by the third party defendants. On April 23, 2012, this and other cases were transferred to this court by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pretrial proceedings.

Johnson filed a third amended class action complaint on July 16, 2012. Johnson added two named plaintiffs to the complaint: Jennifer C. Zambriczki and David R. Van Such. MIWD filed a motion to dismiss on July 26, 2012. Also on July 26, 2012, MIWD filed a motion for joinder.

In their third amended complaint, plaintiffs allege that between 2005 and 2006, they purchased new residences in Summerville, South Carolina in which windows designed, manufactured, and supplied by MIWD were installed. Third Am. Compl. ¶¶ 1-9. According to plaintiffs, the windows are defective and have caused "the formation of mineral deposits, algae, and microbial growth at the location of the leaks, and consequential damages to other property, the adjoining finishes and walls of the residences." Id. ¶ 10. MIWD allegedly failed to warn purchasers, installers, and users of the windows of these defects. Id. ¶ 18. In their six-count third amended complaint, plaintiffs assert claims for negligence, strict liability, breach of implied warranty, breach of express warranty, unfair trade practices, and unjust enrichment.

## II. STANDARDS

### A. Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Johnson v. Hugo's Skateway, 974 F.2d 1408, 1416 (4th Cir. 1992). For diversity cases that are transferred in a MDL, "the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation Fourth § 20.132 (2004). Therefore, this court must apply South Carolina substantive law and federal procedural law.

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in its favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is to determine whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely

consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.   MOTION TO DISMISS

MIWD seeks to dismiss all six counts of the third amended complaint. It argues that the economic loss doctrine bars plaintiffs' claims for negligence, strict liability, and unfair trade practices; that the express warranty was not the basis of the bargain; that timely notice of a warranty breach was not afforded to MIWD; that no UCC implied warranty was created in favor of plaintiffs; that plaintiffs cannot meet the causation element of an unfair trade practices claim; and that the unjust enrichment claim fails because plaintiffs cannot demonstrate the conferral of a benefit.

Plaintiffs oppose these contentions and also argue, as a threshold matter, that the law of the case doctrine prevents MIWD from moving to dismiss plaintiffs' claims for a second time.

#### A.  Law of the Case Doctrine

On February 2, 2011, MIWD moved to dismiss all five counts of Johnson's first amended complaint. At that time, Johnson asserted claims for negligence, strict liability, breach of express warranty, breach of implied warranty, and unfair trade practices. During a hearing held on September 27, 2011, the Honorable Margaret B. Seymour denied MIWD's motion to dismiss. Judge Seymour stated as follows:

> Based on this amended complaint, I find that the Motion to Dismiss would be premature at this time and should be denied. I think that the application of the economic loss rule will turn on questions of fact, including whether the windows were an integrated component of the home in this case, so that the Plaintiff's claims for negligence, strict liability and Unfair Trade Practices are not futile or barred by the economic loss rule, and so the Motion to Dismiss is denied.

Hr'g Tr. 42:12-20, Sept. 27, 2011, ECF No. 36.  Critically, Judge Seymour clarified her ruling at the request of counsel for MIWD:

> MR. OUZTS:  Just a clarification, Your Honor.  Is your ruling -- you're ruling that the economic loss rule, that the Motion to Dismiss is denied as premature because there is an Amended Pleading that's pending, or is it simply because there are issues of fact that need to be addressed?
>
> THE COURT:  There are issues of fact.

Id. at 42:23-43:3.  Based on this interchange, plaintiffs contend that Judge Seymour made a substantive ruling on MIWD's motion to dismiss and the law of the case doctrine now precludes MIWD from re-litigating issues that have already been decided.

"As most commonly defined, the doctrine [of 'law of the case'] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). This rule "prevents collateral attacks against the court's rulings during the pendency of a lawsuit." Loumar, Inc. v. Smith, 698 F.2d 759, 762 (5th Cir. 1983).  "[W]hen a district judge has rendered a decision in a case, and the case is transferred to another judge, the successor should not ordinarily overrule the earlier decision." Id.  This is a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." United States v. U.S. Smelting Refining & Min. Co., 339 U.S. 186, 198 (1950).  While application of the doctrine is discretionary and a court may still reconsider the denial of a motion to dismiss, see Plotkin v. Lehman, 178 F.3d 1285 (4th Cir. 1999) (table), "[t]he courts are appropriately loathe to reconsider issues already decided, except in the case of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Sherley v. Sebelius, 689 F.3d 776, 781 (D.C. Cir. 2012) (internal quotation marks omitted).

Judge Seymour specifically ruled on MIWD's motion to dismiss Johnson's claims for negligence, strict liability, and unfair trade practices as barred by the economic loss doctrine. She found there were "issues of fact" regarding application of the economic loss doctrine to these claims; specifically, "whether the windows were an integrated component of the home in this case." Hr'g Tr. 42:14-17, Sept. 27, 2011, ECF No. 36. Because these issues were "decided explicitly or by necessary implication in the previous disposition," Hydrick v. Hunter, 500 F.3d 978, 986 (9th Cir. 2007) (internal quotation marks and alteration omitted), Judge Seymour established the law of the case. MIWD does not argue that Judge Seymour's decision was clearly erroneous or would result in manifest injustice, and the court finds no independent reasons for reaching such conclusions. Therefore, in the interest of promoting judicial finality, the court denies MIWD's motion to dismiss plaintiffs' claims for negligence, strict liability, and unfair trade practices as barred by the economic loss doctrine.

Judge Seymour's ruling did not specifically address MIWD's motion to dismiss Johnson's claims for breach of express and implied warranty[1]; thus, the law of the case has not been established for those causes of action. See Sebelius, 689 F.3d at 782; Hunter, 500 F.3d at 986. In addition, Judge Seymour did not specifically address MIWD's arguments that the unfair trade practices act claim should be dismissed for lack of causation or because plaintiffs cannot bring that claim in a representative capacity, and

---

[1] During oral argument, counsel for MIWD stated that the "alleged claims for breach of implied warranty and breach of express warranty . . . are in our view not barred by the economic loss rule because they're contractual-based claims. So our motion goes only to the claims that I mentioned previously." Hr'g Tr. 14:23-15:2, Sept. 27, 2011, ECF No. 36. Counsel for MIWD had previously mentioned that "as far as today goes, our intention is to argue our Motion to Dismiss the claims for negligence, strict liability, and Unfair Trade Practices based upon the South Carolina economic loss rule." Id. at 14:6-9.

that the unjust enrichment claim fails because plaintiffs did not confer a benefit. Therefore, the court will address de novo whether these claims should be dismissed.

### B.  Warranty Claims

MIWD moves to dismiss plaintiffs' claims for breach of express and implied warranty.

#### 1.  Express Warranty—Basis of the Bargain

MIWD first argues plaintiffs did not purchase their windows directly from MIWD so any express warranty could not have formed a basis of the bargain.  Under South Carolina Code Ann. § 36-2-313(1)(a),

> Any affirmation of fact or promise, including those on containers or labels, made by the seller to the buyer, whether directly or indirectly, which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods conform to the affirmation or promise.

The South Carolina Code extends warranties "whether express or implied . . . to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty."  Id. § 36-2-318.  The Commentary states that the

> precise time when words of description or affirmation are made . . . is not material.  The sole question is whether the language . . . [is] fairly to be regarded as part of the contract.  If language is used after the closing of the deal . . ., the warranty becomes a modification, and need not be supported by a consideration if it is otherwise reasonable and in order.

Id. § 36-2-313 Commentary Note 7.

It is true that § 36-2-318 extends warranties to end-users.  However, plaintiffs fail to even provide a bare bones allegation based on § 36-2-313 that an express warranty formed a "basis of the bargain" between a buyer and the seller, MIWD.  The allegation that an affirmation of fact or promise formed a basis of the bargain is expressly required

7

by statute, and factual detail in support of such an allegation is required by the Federal Rules of Civil Procedure. Because the third amended complaint lacks both, the court dismisses the express warranty claim without prejudice.

### 2. Implied Warranty—Notice

Second, MIWD argues that the implied warranty claim should be dismissed for failure to provide adequate notice of an alleged breach. South Carolina Code Ann. § 36-2-607(3)(a) provides that a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." "Section 36-2-607(3)(a) does not prescribe any form for the required notification. Courts have thus developed their own guidelines for determining what constitutes adequate notice." United States v. S. Contracting of Charleston, Inc., 862 F. Supp. 107, 111 (D.S.C. 1994) (finding the "lenient standard" of notification to "be the better option"). "[A]ny good faith communication that reasonably notifies the seller that the buyer is troubled by the transaction should suffice to preserve the buyer's right to pursue UCC remedies in the event it suffers damages from the defect." Id. at 112.

Plaintiffs allege that MIWD was put on notice of the breach of warranty. See Third Am. Compl. ¶¶ 21, 23, 24, 26, 37. "Whether notice was given within a reasonable time is properly a question for the jury." Simmons v. Ciba-Ceigy Corp., 302 S.E.2d 17, 18 (S.C. 1983). Therefore, dismissal on this basis is not appropriate at this time.[2]

### 3. Implied Warranty—"Goods"

Finally, MIWD moves to dismiss plaintiffs' implied warranty claim on the ground that the windows were not "goods."

---

[2] This analysis would also govern MIWD's argument that plaintiffs failed to give adequate notice of the alleged breach of express warranty. However, at this time, plaintiffs' breach of express warranty claim fails for the reasons set forth above.

Implied warranties are created by UCC Article 2, as adopted in South Carolina. The implied warranties of merchantability and fitness for a particular purpose specifically apply to "transactions in goods." S.C. Code Ann. § 36-2-102. "Goods" are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." Id. § 36-2-105(1).

The question is whether the alleged "goods"—the windows—were movable at the time of identification to the contract for sale. Some courts have found that once goods become attached to real estate, they lose their status as "goods." See Weiss v. MI Home Prods., Inc., 877 N.E.2d 442, 445-46 (Ill. Ct. App. 2007). Here, it is a question of fact whether the windows were readily moveable at the time plaintiffs' purchased their homes. Accordingly, the court denies MIWD's motion to dismiss plaintiffs' claim for breach of implied warranty.

### C.  South Carolina Unfair Trade Practices Act

MIWD moves to dismiss plaintiffs' claim for violation of the South Carolina Unfair Trade Practices Act (SCUTPA) on the basis that plaintiffs cannot bring a SCUTPA claim in a representative capacity and that plaintiffs cannot establish causation in an individual capacity.

Section 39-5-140 of the South Carolina Code provides, "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action individually, *but not in a representative capacity*, to recover actual damages." S.C. Code Ann. § 39-5-140(a) (emphasis added). Interpreting this section, the South Carolina Supreme Court has specifically held that

"SCUTPA claims may not be maintained in a class action law suit." Dema v. Tenet Physician Servs.-Hilton Head, Inc., 678 S.E.2d 430, 434 (S.C. 2009); see also Gunnells v. Healthplan Servs., 348 F.3d 417, 423 (4th Cir. 2003); Harris v. Sand Canyon Corp., 274 F.R.D. 556, 565 (D.S.C. 2010). For this reason, plaintiffs cannot bring their SCUTPA claim on behalf of a putative class.[3]

This holding does not prevent plaintiffs from bringing individual claims under SCUTPA. As such, MIWD additionally argues that plaintiffs' individual claims should be dismissed because plaintiffs cannot establish causation.

SCUTPA declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a). To maintain a claim under SCUTPA, a plaintiff must demonstrate: (1) that the defendant engaged in an unlawful trade practice; (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) that the unlawful trade practice had an adverse impact on the public interest. Havird Oil Co. v. Marathon Oil Co., 149 F.3d 283, 291 (4th Cir. 1998). According to MIWD, "Plaintiffs cannot satisfy the second element, requiring a showing of causation, because they do not allege that they saw or relied upon any alleged misrepresentation or deceptive conduct." Def.'s Mem. Supp. Mot. Dismiss 7.

---

[3] Plaintiffs cite to the Supreme Court's 2010 plurality opinion in Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., 130 S. Ct. 1431 (2010), for the proposition that the class action restriction in § 39-5-140 is trumped by Federal Rule of Civil Procedure 23, the federal rule pertaining to class actions. For purposes of the present motion, the court is not persuaded by this argument, as, following the Shady Grove decision, at least one court in this district has affirmed that "class action suits are forbidden under [SCUTPA], and the South Carolina Supreme Court has held as such." Harris v. Sand Canyon Corp., 274 F.R.D. 556, 565 (D.S.C. 2010) (citing Dema, 678 S.E.2d at 434); see also In re Pharm. Indus. Average Wholesale Price Litig., 738 F. Supp. 2d 227, 236 (D. Mass. 2010) (granting summary judgment to defendant on class claims brought under SCUTPA).

Remote purchasers may bring action under SCUTPA. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 666 S.E.2d 247, 254 (S.C. 2008), overruled on other grounds by Sapp v. Ford Motor Co., 687 S.E.2d 47 (S.C. 2009). Still, "the lack of a privity requirement in no way suggests that plaintiffs under the SCUTPA need not prove a causal connection between the deceptive practices and their injury." Reynolds v. Ryland Grp., Inc., 531 S.E.2d 917, 921 (S.C. 2000) (Burnett, J., dissenting).

Plaintiffs may not rely on harm to putative class members to satisfy the causation element. Instead, plaintiffs can, and do, bring their SCUTPA claim as individual remote purchasers, and they have sufficiently alleged harm resulting from MIWD's purportedly deceptive acts and practices. See Third Am. Compl. ¶ 18 ("Defendant MI has failed to warn purchasers, installers, or users of the . . . risks of failure."); id. ¶ 26 ("Defendant MI knew or should have known that the defects were present at the time the products left its control . . . ."); id. ¶ 88 ("Defendant MI's above-described activities, including knowingly or recklessly placing a defective product into the stream of commerce [and] misrepresenting the suitability of the product . . . constitute unfair and deceptive practices . . . ."); id. ¶ 91 ("As a direct, foreseeable, and proximate result of Defendant MI's unfair trade practices in South Carolina, the Plaintiffs and the members of the class have suffered significant damage."). These allegations, which must presently be accepted as true, sufficiently state the causation element of a SCUTPA claim. Therefore, the SCUTPA claim will not be dismissed for lack of causation.

### D. Unjust Enrichment

MIWD argues that plaintiffs' claim for unjust enrichment must be dismissed because plaintiffs did not confer any benefit on MIWD. In South Carolina, a claim for

unjust enrichment has three elements:  (1) a benefit conferred upon the defendant by plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for it to retain the benefit. Ellis v. Smith Grading & Paving, Inc., 366 S.E.2d 12, 14 (S.C. Ct. App. 1988).

Plaintiffs assert that they conferred a benefit on MIWD because the cost of the windows (paid by their home developers) was "passed to Plaintiffs and putative class members when they purchased their homes."  Pl.'s Resp. 47.  The third amended complaint states that "Plaintiffs and Class Members conferred a benefit on Defendant MI when they purchased the homes containing the Windows, and thereby absorbed the cost of the windows paid by the builders and/or contractors."  Third Am. Compl. ¶ 93. Plaintiffs also claim that they conferred a benefit to MIWD in the form of costs "incidental to making claims under Defendant MIWD's warranty which were not honored or otherwise failed."  Pl.'s Resp. 47.

These allegations are insufficient to state a claim.  "Absorbing" the cost of the windows paid by developers does not confer any benefit on MIWD, since MIWD had already been paid for the windows by the contractors.  Moreover, plaintiffs' argument regarding the conferral of incidental costs through denied warranty claims is unavailing, since the third amended complaint does not actually contain allegations that the named plaintiffs filed warranty claims with MIWD.  Therefore, the court dismisses this claim without prejudice.

## IV.   MOTION FOR JOINDER

MIWD separately moves for joinder of parties.  MIWD asks the court to order Lakes of Summerville, LLC (Lakes of Summerville), a plaintiff in a separate case in this

12

MDL, to be joined as a party in this action based on Federal Rules of Civil Procedure 17 and 19. MIWD would then ask that the court dismiss <u>Lakes of Summerville, LLC v. MI Windows & Doors, Inc.</u>, No. 2:12-cv-01297-DCN.

MIWD first argues that Lakes of Summerville is a real party in interest that must be joined in this case pursuant to Rule 17. Rule 17 provides that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). While the factual allegations in this case and in the <u>Lakes of Summerville</u> case are similar, the legal issues are sufficiently distinct that joinder is not required under Rule 17, especially given the court's recent rulings on MIWD's motion to dismiss in the <u>Lakes of Summerville</u> case.

MIWD next argues that Lakes of Summerville must be joined under Rule 19, which provides,

> **(a) Persons Required to Be Joined if Feasible.**
>
> > **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B). "The inquiry contemplated by Rule 19 is a practical one . . . addressed to the sound discretion of the trial court." <u>Coastal Modular Corp. v.</u>

Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980).  As it stands, complete relief can be afforded to plaintiffs without the addition of Lakes of Summerville as a party.  In addition, disposing of this action will not impede Lakes of Summerville's ability to protect its interests or leave MIWD with inconsistent obligations.  Finally, joinder would appear to divest the court of subject matter jurisdiction and could potentially lead to future conflicts of interest.  Therefore, joinder under Rule 19 is not required.

For these reasons, the court denies MIWD's motion for joinder.

## V.   CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** plaintiffs' claims for breach of express warranty and unjust enrichment.  The court further **HOLDS** that plaintiffs may not bring their unfair trade practices claim in a representative capacity.  Finally, the court **DENIES** defendant's motion for joinder.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 6, 2012**
**Charleston, South Carolina**