**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001-DCN |
| NADINE JOHNSON, JENNIFER C. ZAMBRICZKI, and DAVID R. VAN SUCH, *individually and on behalf of all others similarly situated*, Plaintiffs, vs. MI WINDOWS AND DOORS, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:11-cv-00167-DCN **ORDER** |

This matter is before the court on a motion for reconsideration brought by defendant MI Windows and Doors, Inc. (MIWD). MIWD asks the court to reconsider or alter and amend its previous order denying a motion for joinder. For the reasons set forth below, the court denies the motion.

**I.  BACKGROUND**

This case was filed on October 21, 2010. One year later, MIWD brought a third party complaint against Lakes of Summerville, LLC (Lakes of Summerville) and other parties. The court issued an order on March 23, 2012 granting a motion to sever brought by the third party defendants. Lakes of Summerville brought a separate action against MIWD on May 17, 2012. MIWD filed a motion for joinder of Lakes of Summerville in this case on July 26, 2012. The court denied the motion for joinder on November 6, 2012.

1

## II.  STANDARD

MIWD has filed a timely motion to alter or amend a judgment within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  "[A] motion for reconsideration is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the result."  Joe Hand Promotions, Inc. v. Double Down Entm't, LLC, No. 11-2438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012).  Nor is a motion for reconsideration the appropriate medium to "raise arguments which could have been raised prior to the issuance of the judgment, [or] . . . to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Pacific Ins. Co., 148 F.3d at 403.

The Fourth Circuit recognizes three grounds for altering or amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  See id. (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)).  These standards are "not applied with the same force when analyzing an interlocutory order."  Beyond Sys., Inc. v. Kraft Foods, Inc., No. 08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) (citing Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003)).

## III.  DISCUSSION

In its previous order denying MIWD's motion for joinder, the court ruled that Lakes of Summerville is not a real party in interest under Rule 17 because the legal issues

in this case, Johnson v. MI Windows & Doors, Inc., and another case in this MDL, Lakes of Summerville, LLC v. MI Windows & Doors, Inc., are sufficiently distinct. The court additionally held that joinder is not required under Rule 19 for five reasons: (1) complete relief can be afforded to plaintiffs without the addition of Lakes of Summerville as a party; (2) disposing of this action will not impede Lakes of Summerville's ability to protect its interests; (3) disposing of this action will not leave MIWD with inconsistent obligations; (4) joinder "would appear to divest the court of subject matter jurisdiction"; and (5) joinder could potentially lead to future conflicts of interest.

Here, MIWD first complains that the court "did not address MIWD's argument that failure to join Lakes may leave MIWD subject to a substantial risk of incurring double obligations." Mot. Recons. 1. Rule 19(a)(1)(B)(ii) states that a party must be joined if, *inter alia*, it claims an interest relating to the subject of the action and is so situated that disposing of the action in its absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." The court already ruled that at this time, there is not a substantial likelihood MIWD will be subject to "inconsistent obligations." This statement was meant to implicitly include a finding that at this time, there is not a substantial likelihood MIWD will be subject to double obligations.

At any rate, the "inquiry contemplated by Rule 19 is a practical one . . . addressed to the sound discretion of the trial court." Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980). "Under Rule 19(a), the risk of being subject to multiple obligations must be real; an unsubstantiated or speculative risk will not suffice." Diaz Contracting, Inc. v. Lisbon Contractors, Inc., No. 88-9203, 1991 WL 53663, at *6

(E.D. Pa. Apr. 2, 1991).  This court already ruled in <u>Lakes of Summerville, LLC v. MI Windows & Doors, Inc.</u>, No. 12-1297, 2012 WL 5384922, at *3 (D.S.C. Nov. 1, 2012), that "Lakes of Summerville cannot stand in the shoes of the homeowners, who now own the allegedly defective windows, and assert claims in negligence and strict liability for economic losses to the windows themselves or adjoining finishes, walls, and other property in the homes."  In addition, Lakes of Summerville's claims for breach of warranty and unjust enrichment are based on different factual scenarios than those alleged in this case.  Because MIWD asserts a speculative rather than substantial likelihood of double obligations, joinder is not required.

Second, MIWD complains that the "record lacks evidentiary support for the statement on page 14 of the Order that 'joinder would appear to divest the court of subject matter jurisdiction.'"  Mot. Recons. 1.  In its memoranda in support of its motion for joinder, MIWD's sole arguments regarding subject matter jurisdiction were the conclusory statements that "joinder will not deprive the Court of subject matter jurisdiction" and "[t]here is no question in this case that Lakes of Summerville is subject to the jurisdiction of this Court and can be joined without defeating diversity jurisdiction."  Dkt. No. 133-1 at 8; Dkt. No. 138 at 5.  MIWD, which bears the burden of proving that joinder is required, had the opportunity to fully brief this issue before the court issued its ruling, but chose not to do so.  See <u>Frietsch v. Refco, Inc.</u>, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").  In its order, the court simply stated that joinder "would *appear*

4

to divest the court of subject matter jurisdiction." <u>Johnson v. MI Windows & Doors, Inc.</u>, No. 11-167, 2012 WL 5408563, at *7 (D.S.C. Nov. 6, 2012) (emphasis added).  In making that statement, the court was relying on arguments made at the hearing on the motion for joinder and simply providing an ancillary reason why joinder is not required under Rule 19.  <u>See</u> Hr'g Tr., Sept. 20, 2012, 17:16-18:1 (statement by counsel for plaintiffs that "Lakes is a South Carolina LLC" and "the risk to diversity [jurisdiction] itself would give the Court a reason not to join Lakes").  The court finds no clear error of law or manifest injustice necessitating an amendment of the previous order.

## IV.   CONCLUSION

For these reasons, the court **DENIES** defendant's motion for reconsideration.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 21, 2012**
**Charleston, South Carolina**

5